## Rogers et al. v. Indian Creek Valley Railway Company.

*Branch or lateral railroads — Private use — Injunction—Fraud—Equity practice and jurisdiction—Demurrer—Acts of April 4, 1868, and June 19, 1871.*

1. A demurrer to a bill in equity for an injunction to restrain a railroad company, organized under the Act of April 4, 1868, P. L. 62, and its supplements, from constructing a branch railroad or siding across land of plaintiffs, will be dismissed, when it is alleged in the bill that the branch or siding which defendant proposes to build is not necessary to increase its business and to accommodate the trade and travel of the public, and is not for public use, but is only a contrivance to secure for the private use of an individual the advantages granted by the Commonwealth to railroad companies for public purposes, and is in fraud of the statutes relating to lateral railroads, and that the threatened entry by defendant upon the land of plaintiffs is an injury for which plaintiffs are without a sufficient and adequate remedy at law.

2. A court of equity has jurisdiction to inquire into such a proceeding under the Act of June 19, 1871, P. L. 1360, it belonging to a class of cases in which, though the power to do the act complained of apparently was given by the railroad company's charter, it is being attempted to be exercised in a manner, for a purpose, or to an extent, not authorized by law.

Demurrer to a bill in equity for an injunction. C. P. Fayette Co., in Equity, No. 1046.

*Sterling, Higbee & Matthews,* for plaintiffs.

*McDonald & Cray,* for defendant.

VAN SWEARINGEN, P. J., Feb. 13, 1922.—The bill prays for an injunction, restraining the defendant from entering upon the land of plaintiffs and constructing thereon a branch railroad or siding. Upon presentation of the bill, a rule was granted on the defendant to show cause why an injunction should not issue. The defendant demurred on grounds that the plaintiffs in their bill have not shown a case entitling them to the relief sought and that the court has no jurisdiction of the proceeding.

The bill alleges that the defendant is a corporation organized under the General Railroad Act of April 4, 1868, P. L. 62, and its supplements; that the plaintiffs are the owners of a tract of land in Springfield Township, containing approximately 220 acres, through which extends defendant's main line of railroad; that the defendant proposes to enter upon said land and construct what it alleges to be a branch railroad or siding, 585 feet in length, crossing the land of plaintiffs for a distance of 362 feet, and, in pursuance of its purpose, has tendered to plaintiffs a bond to secure the payment of damages, which bond has been refused; that James P. Barger is the owner of a tract of land, containing about 48 acres, which is 300 feet distant from defendant's main line of railroad, the land of plaintiffs intervening.

It is alleged in the bill that Barger, in June, 1921, attempted to construct a branch railroad or siding from defendant's main line to the tract of land owned by him, for the purpose of transporting and marketing the coal underlying his land, and actually proceeded to grade a right of way therefor over and across the land of plaintiffs, without their consent or authority, until enjoined by the court, and that the route located and surveyed by Barger is the same as the route located and surveyed by defendant; that at or about the time Barger attempted his construction a frog or switch was installed on the main line of defendant's railroad, which frog or switch was paid for by Barger, and that the frog or switch is located at the point of beginning of the route of defendant's proposed construction; that at No. 589, September Term, 1921, in this court, Barger presented his petition under the lateral

railroad acts, praying the court to appoint viewers to asses the damages occasioned by constructing, completing and using a lateral railroad extending over the land of plaintiffs, on the same route proposed by defendant for its new branch, but that, after exceptions filed and before viewers were appointed, Barger discontinued the proceedings.

The bill alleges further that the branch railroad or siding which the defendant proposes .to construct is not necessary to increase its business and to accommodate the trade and travel of the public, and is not for public use; that the sole purpose for attempting to construct it is the transporting of the coal underlying Barger's land, which coal is not developed; that the route proposed is uninhabited, that it ends in hills, and that it is only a contrivance to secure for Barger's private use the advantages granted by the Commonwealth of Pennsylvania to railroad corporations for public purposes; that the attempt to construct the said branch railroad or siding for Barger's use is in fraud of the statutes relating to lateral railroads; and that the threatened entry by defendant upon the land of plaintiffs, without privilege, permission or lawful right to do so, is an injury of a continuous, continuing and irreparable nature, for which plaintiffs are without a sufficient and adequate remedy at law.

It is to be kept in mind that the demurrer admits the allegations of the bill. Therefore, it is admitted by the defendant, for present purposes, that the branch railroad or siding which it now proposes to construct over plaintiffs' land is not necessary to increase its business and to accommodate the trade and travel of the public, and is not for public use, but is only a contrivance to secure for Barger's private use the advantages granted by the Commonwealth to railroad corporations for public purposes, and is in fraud of the statutes relating to lateral railroads, and that the threatened entry by defendant upon the land of plaintiffs is an injury of a nature for which plaintiffs are without a sufficient and adequate remedy at law. Under such an admission and state of facts, the defendant does not have the power of eminent domain to take plaintiffs' land, section 9 of the Act of April 4, 1868, P. L. 62, under which defendant was incorporated, providing only that "Any company incorporated under this act shall have authority to construct such branches from its main line as it may deem necessary to increase its business and accommodate the trade and travel of the public."

We are of opinion that this court has jurisdiction of the bill. It is provided by the Act of June 19, 1871, P. L. 1360, relating to legal proceedings by or against corporations: "That in all proceedings in courts of law or equity of this Commonwealth, in which it is alleged that the private rights of individuals or the rights or franchises of other corporations are injured or invaded by any corporation claiming to have a right or franchise to do the act from which such injury results, it shall be the duty of the court in which such proceedings are had to examine, inquire and ascertain whether such corporation does in fact possess the right or franchise to do the act from which such alleged injury to private rights, or to the rights and franchises of other corporations, results, and if such rights or franchises has not been conferred upon such corporation, such courts, if exercising equitable power, shall, by injunction, at suit of the private parties or other corporations, restrain such injurious acts."

On a bill in equity under that act to enjoin condemnation proceedings, it was said by Mr. Chief Justice Moschzisker, in Gring *v.* Sinking Spring Water Co., 270 Pa. 232: "It is necessary to examine our decisions under the act in
2 D. & C.

question to determine, for present purposes, just what is intended by the legislative language 'it shall be the duty of the court to examine, inquire and ascertain whether such corporation does in fact possess the right or franchise to do the act from which such alleged injury results;' and, in making this review, it will be found that the cases where relief was granted all fall within one of the following (six) classes;" the second class of cases being "(2) those in which, though the power was apparently given by the corporation's charter, it was attempted to be exercised in a manner, for a purpose or to an extent, not authorized by law." And the Chief Justice said further: "Any one having the right to raise the point may complain of departures from charter obligations to his special injury, and, if such departures are shown, he may obtain relief under the statute on the ground that defendant corporation has no franchise to commit the acts in question;" and, further, "All the decisions which throw any light upon the scope of inquiry allowed in a proceeding such as the one at bar, have been examined by us and are here cited, not for present purposes only, but in the hope of furnishing a guide to the Act of 1871 for the future." That case is controlling and is authority for this proceeding.

And now, Feb. 13, 1922, for the reasons stated in the opinion herewith filed, the demurrer to the bill is overruled and dismissed.

From Luke H. Frasher, Uniontown, Pa.